**United States Bankruptcy Court**
**District of Colorado**

| | |
|---|---|
| **IN RE:** | Case No. _____ |
| **Romero, Anthony II & Romero, Maria** | Chapter **13** |
| Debtor(s) | |

[DO NOT DELETE ANY PROVISION OF THIS FORM.
MARK PROVISIONS THAT DO NOT APPLY AS N/A.
ANY ADDITIONAL PROVISIONS MUST BE RECITED IN PART V. G.]

**CHAPTER 13 PLAN INCLUDING VALUATION OF COLLATERAL AND CLASSIFICATION OF CLAIMS**
Date of Plan: March 10, 2009

## I. RELEVANT INFORMATION

**A.** Prior bankruptcies pending within one year of the petition date for this case:

| Case No. & Chapter | Discharge or Dismissal / Conversion | Date |
|---|---|---|
| **None** | | |

**B.** The debtor(s): ☒ is eligible for a discharge; or
☐ is not eligible for a discharge and is not seeking a discharge.

**C.** Prior states of domicile: within 730 days **N/A**
within 910 days **M/A**.

The debtor is claiming exemptions available in the state of **Colorado** or ☐ federal exemptions.

**D.** The debtor owes or anticipates owing a Domestic Support Obligation as defined in 11 U.S.C. § 101(14A). Notice will/should be provided to these parties in interest:
**E.**
1. Parent **N/A**

2. Government **N/A**

3. Assignee or other **N/A**

The debtor ☐ has provided the Trustee with the phone number of the Domestic Support Obligation recipient or ☒ cannot provide the phone number because it is not available.

**F.** The current monthly income of the debtor, as reported on Interim Form B22C is: ☐ below ☐ equal to or ☒ above the applicable median income.

## II. PLAN ANALYSIS

**A. Total Debt Provided for under the Plan and Administrative Expenses**

    1. Total Priority Claims (Class One)
        a. Unpaid attorney's fees    $ **1,500**
           (Total attorney's fees are estimated to be $ **3,000** of which $ **1,500** has been prepaid.)
        b. Unpaid attorney's costs (estimate)    $ **100**
        c. Total Taxes    $ **0**
           Federal: $ **0** ; State: $ **0** .
        d. Other    $ **0**
    2. Total of payments to cure defaults (Class Two)    $ **11,376**
    3. Total payment on secured claims (Class Three)    $ **0**
    4. Total of payments on unsecured claims (Class Four)    $ **10,028**
    5. Sub-Total    $ **23,004**
    6. Total trustee's compensation (10% of debtor's payments)    $ **2,556**
    7. Total debt and administrative expenses    $ **25,560**

**B. Reconciliation with Chapter 7**

**THE PROPERTY VALUES SET FORTH BELOW ARE LIQUIDATION VALUES RATHER THAN REPLACEMENT VALUES WHICH MAY APPEAR IN CLASS THREE IN THE PLAN.**

1. Assets available to Class Four unsecured creditors if Chapter 7 filed
   a. Value of debtor's interest in non-exempt property $ **422**

| Property | FMV | less Costs of Sale | less Liens | x Debtor's Interest | less Exemptions | = Net Value |
|---|---|---|---|---|---|---|
| **Cash and change** | 10 | 0 | 0 | 100% | 8 | 3 |
| **Pacific Marine Credit Union** | 1 | 0 | 0 | 100% | 0 | 1 |
| **1st Bank** | 573 | 0 | 0 | 100% | 430 | 143 |
| **Digital Camera** | 50 | 8 | 0 | 100% | 0 | 42 |
| **RC Car** | 75 | 11 | 0 | 100% | 0 | 64 |
| **English Bulldog and Rabbit** | 200 | 30 | 0 | 100% | 0 | 170 |

   b. Plus: value of property recoverable under avoiding powers $ **0**
   c. Less: estimated Chapter 7 administrative expense $ **106**
   d. Less: amounts payable to priority creditors other than costs of administration $ **0**
   e. Equals: estimated amount payable to Class Four creditors if Chapter 7 filed $ **316**
      (if negative, enter zero)
2. Estimated payment to Class Four unsecured creditors under the Chapter 13 Plan $ **10,028**
   plus any funds recovered from "other property" described in Section II.A.3 below.

### III. PROPERTIES AND FUTURE EARNINGS SUBJECT TO THE SUPERVISION AND CONTROL OF THE TRUSTEE

**A.** Debtor submits to the supervision and control of the Trustee all or such portion of the debtor's future earnings or other future income as is necessary for the execution of the Plan, including:

   1. Future earnings of $ **426** per month which shall be paid to the trustee for a period of approximately **60** months, beginning **4/09/2009** .
   2. Amounts necessary for the payment of Class Five claims $ **0**
   3. Other property (specify): **None**

*AT THE TIME THE FINAL PLAN PAYMENT IS SUBMITTED TO THE TRUSTEE, THE DEBTOR SHALL FILE WITH THE COURT THE CERTIFICATION REGARDING DOMESTIC SUPPORT OBLIGATIONS REQUIRED BY 11 U.S.C. § 1328(a) AND, IF NOT ALREADY FILED, INTERIM FORM B23 REGARDING COMPLETION OF FINANCIAL MANAGEMENT INSTRUCTION REQUIRED BY 11 U.S.C. § 1328(g)(1).*

**B.** Debtor agrees to make payments under the Plan as follows:
☒ DIRECT PAYMENT: From Debtor to Trustee            ☒ DIRECT PAYMENT: From Joint Debtor to Trustee
☐ VOLUNTARY WAGE ASSIGNMENT TO EMPLOYER:   ☐ VOLUNTARY WAGE ASSIGNMENT TO EMPLOYER:

### IV. CLASSIFICATION AND TREATMENT OF CLAIMS

*CREDITOR RIGHTS MAY BE AFFECTED. A WRITTEN OBJECTION MUST BE FILED IN ORDER TO CONTEST THE TERMS OF THIS PLAN. CREDITORS OTHER THAN THOSE IN CLASS TWO A AND CLASS THREE MUST FILE TIMELY PROOFS OF CLAIM IN ORDER TO RECEIVE THE APPLICABLE PAYMENTS.*

**A. Class one – Claims entitled to priority under 11 U.S.C. § 507.** Unless other provision is made in paragraph V.(C), each creditor in Class One shall be paid in full in deferred cash payments prior to the commencement of distributions to any other class (except that the payments to the Trustee shall be made by deduction from each payment made by the debtor to the Trustee) as follows:

   1. Allowed administrative expenses
      (a) Trustee's compensation of (10% of amounts paid by debtor under Plan) $ **2,556**
      (b) Attorney's Fees (estimated and subject to allowance) $ **1,500**
      (c) Attorney's Costs (estimated and subject to allowance) $ **100**
   2. Other priority claims to be paid in the order of distribution provided by 11 U.S.C. § 507 (if none, indicate) $ **0**
      a. Domestic Support Obligations: **A proof of claim must be timely filed in order for the Trustee to distribute amounts provided by the plan.**
         ☐ Priority support arrearage: Debtor owes past due support to _____ in the total amount of $ _____ that will be paid as follows:
         ☐ Distributed by the Trustee pursuant to the terms of the Plan; or

☐ Debtor is making monthly payments via a wage order ☐ or directly ☐ (reflected on Schedule I or J) in the amount of $ _____ to _____ . Of that monthly amount, $ _____ is for current support payments and $ _____ is to pay the arrearage.

☐ Other: For the duration of the plan, during the anniversary month of confirmation, the debtor shall file with the Court and submit to the Trustee an update of the required information regarding Domestic Support Obligations and the status of required payments.

b. Federal Taxes $ **0**
c. State Taxes $ **0**
d. Other Taxes (describe):
   **None** $ **0**
e. Other Class One Claims (if any) (describe):
   **None** $ **0**

## B. Class Two – Defaults

**1. Class Two A (if none, indicate) – Claims set forth below are secured only by an interest in real property that is the debtor's principal residence.** Defaults shall be cured and regular payments shall be made.

| Creditor | Total Default Amount to be Cured | Interest Rate | Total Amount to Cure Arrearage | No. of Months to Cure | Regular Payment per month to be Made Directly to Creditor | Date of First Payment |
|---|---|---|---|---|---|---|
| **Americas Servicing Co** | **5,376** | **0.00%** | **5,376** | **30** | **1,347** | **04/20/2009** |
| **Wells Fargo Bank Nv Na** | **6,000** | **0.00%** | **6,000** | **30** | **525** | **04/20/2009** |

**2. Class Two B (if none, indicate) – Pursuant to 11 U.S.C. § 1322(b)(5), secured (other than claims secured only by an interest in real property that is the debtor's principal residence) or unsecured claims set forth below on which the last payment is due after the date on which the final payment under the Plan is due.** Defaults shall be cured and regular payments shall be made:

| Creditor | Collateral | Total Default Amount to be Cured | Interest Rate | Total Amount to Cure Arrearage | No. of Months to Cure | Regular Payment per month to be Made Directly to Creditor | Date of First Payment |
|---|---|---|---|---|---|---|---|
| **None** | | | | | | | |

**3. Class Two C – Executory contracts and unexpired leases.** Executory contracts and unexpired leases are rejected, except the following which are assumed:

| Other Party to Lease or Contract | Property, if any, Subject to the Contract or Lease | Total Amount to Cure, if any | No. of Months to Cure | Regular Monthly Payment Made Directly to Creditor | Date of First Payment |
|---|---|---|---|---|---|
| **None** | | | | | |

*IN THE EVENT THAT DEBTOR REJECTS THE LEASE OR CONTRACT, CREDITOR SHALL FILE A PROOF OF CLAIM OR AMENDED PROOF OF CLAIM REFLECTING THE REJECTION OF THE LEASE OR CONTRACT WITHIN 30 DAYS OF THE ENTRY OF THE ORDER CONFIRMING THIS PLAN, FAILING WHICH THE CLAIM MAY BE BARRED.*

**C. All other allowed secured claims (other than those designated in Classes Two A and Two B above) shall be divided into separate classes to which 11 U.S.C. § 506 shall or shall not apply as follows:**

1. **Secured claims subject to 11 U.S.C. § 506.** The following creditors shall retain the liens securing their claims *until discharge under 11 U.S.C. § 1328 or payment in full under nonbankruptcy law*, and they shall be paid the amount specified which represents the lesser of:
   a. the value of their collateral or
   b. the remaining balance payable on the debt over the period required to pay the sum in full.

| Creditor | Specify Treatment | Description of Collateral | Fair Market Value of Collateral | Amount of Debt as Scheduled | Interest Rate | Total Amount Payable |
|---|---|---|---|---|---|---|
| **None** | | | | | | |

*IF DEBTOR IS PROPOSING TO MODIFY THE RIGHTS OF A SECURED CREDITOR, DEBTOR MUST SPECIFICALLY SERVE SUCH CREDITOR IN THE MANNER SPECIFIED IN FED.R.BANKR.P. 9014 AND 7004.*

2. **Secured claims to which 11 U.S. C. § 506 shall not apply.** The following creditors shall retain the liens securing their claims, and they shall be paid the amount specified which represents the remaining balance payable on the debt over the period required to pay the sum in full:

| Creditor | Collateral | Amount of Debt as Scheduled | Interest Rate | Total Amount Payable |
|---|---|---|---|---|
| **None** | | | | |

3. The debtor surrenders the following property securing an allowed secured claim to the holder of such claim:

| Creditor | Description of Collateral | Anticipated Date of Surrender |
|---|---|---|
| **None** | | |

Relief from the automatic stay to permit enforcement of the liens encumbering surrendered property shall be deemed granted by the Court at the time of confirmation of this Plan. With respect to property surrendered, no distribution on the creditor's claim shall be made unless that creditor files a proof of claim or an amended proof of claim to take into account the surrender of the property.

3. **Adequate Protection**: The following creditor(s) shall receive payments in the nature of adequate protection pursuant to T.L.B.R. 2083-1, if applicable, or upon confirmation of the plan as follows:

| Creditor | Collateral | Adequate Protection Payment Paid Through the Trustee | Adequate Protection Payment Paid By the Debtor(s) | Number of Months Until Regular Payments Under Plan |
|---|---|---|---|---|
| **None** | | | | |

**D. Class Four – Allowed unsecured claims not otherwise referred to in the Plan**. Class Four Claims are provided for in an amount not less than the greater of:

   1. The amount necessary to meet the best interests of creditors pursuant to 11 U.S.C. § 1325(a)(4) as set forth in Part II; or
   2. Total disposable income for the applicable commitment period defined by 11 U.S.C. § 1325(b)(1)-(4).

   The monthly disposable income of $ **523** has been calculated on Form B22C (Chapter 13). Total disposable income is $ **31,369** which is the product of monthly disposable income of $ **523** times the applicable commitment period of **60 months**.

   a. ☒ Class Four claims are of one class and shall be paid pro rata the sum of  $ **10,028** and shall be paid all funds remaining after payment by the Trustee of all prior classes; or
A timely filed claim, found by the Court to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(2), (4), or (6), will share in the distribution to Class Four.  Collection of the balance is stayed until the case is dismissed, converted to a Chapter 7 or discharge enters, unless ordered otherwise.

   b. ☐ Class Four claims are divided into more than one class as follows:

**E. Class Five (if none, indicate) – Post-petition claims allowed under 11 U.S.C. § 1305.** Post-petition claims allowed under § 1305 shall be paid as follows:
**None**

## V. OTHER PROVISIONS

**A.** Payment will be made directly to the creditor by the Debtor(s) on the following claims:

| Creditor | Collateral, if any | Monthly Payment Amount | No. of Months to Payoff |
|---|---|---|---|
| **Bellco Credit Union** | **2003 Ford Expedition** | **0** | **28** |
| **Wffinancial** | **2001 Chevy Cavalier** | **0** | **32** |

**B.** The effective date of this Plan shall be the date of entry of the Order of Confirmation.

**C. Order of Distribution**:

1. ☒ The amounts to be paid to the Class One creditors shall be paid in full, except that the Chapter 13 Trustee's fee shall be paid up to, but not more than, the amount accrued on actual payments made to date. After payment of the Class One creditors, the amounts to be paid to cure the defaults of the Class Two A, Class Two B and Class Two C creditors shall be paid in full before distributions to creditors in Classes Three, Four, and Five (strike any portion of this sentence which is not applicable). The amounts to be paid to the Class Three creditors shall be paid in full before distributions to creditors in Classes Four and Five. Distributions under the plan to unsecured creditors will only be made to creditors whose claims are allowed and are timely filed pursuant to Fed.R.Bankr.P. 3002 and 3004 and after payments are made to Classes One, Two A, Two B, Two C and Three above in the manner specified in Section IV.

2. ☐ Distributions to classes of creditors shall be in accordance with the order set forth above, except:

**D. Motions to Void Liens under 11 U.S.C. § 522(f)**. In accordance with Fed.R.Bankr.P. 4003(d), the debtor intends to file or has filed, by separate motion served in accordance with Fed.R.Bankr.P. 7004, a motion to void lien pursuant to 11 U.S.C. § 522(f) as to the secured creditors listed below:

| Creditor | Collateral | Date Motion to Void Lien Filed | Date of Order Granting Motion or Pending |
|---|---|---|---|
| **None** | | | |

**E. Student Loans**:
☐ No student loans
☒ Student loans are to be treated as follows:
**Student loans shall be permitted to share in the distribution to class 4 creditors pending a timely filed of proof of claim.**

**F. Restitution**:
☒ No restitution owed
☐ Debtor owes restitution in the total amount of $ _____ which is paid directly to
in the amount of $ _____ per month for a period of ____ months.
☐ Debtor owes restitution to be paid as follows:

**G. Other (list all additional provisions here)**:

## Additional Provisions - Read Carefully as these Provisions May Alter your Rights

A.   NOTICE OF FINAL CHAPTER 13 CURE PAYMENT.

   1.   Within 30 days of making the final payment of any cure amount made on a claim secured by a security interest in the debtor's real property, the trustee in a chapter 13 case shall file and serve upon the claimant of record, the claimant's counsel, the debtor, and debtor's counsel a notice stating that the amount required to cure the default has been paid in full.
   2.   If the debtor contends that the final cure payment has been made and the trustee does not file and serve the notice within the specified time period, the debtor may file and serve upon the claimant of record, claimant's counsel, last known servicer and the trustee a notice stating that the amount required to cure the default has been paid in full.

B.   MOTION TO DEEM PRE-PETITION ARREARS CURED.

   1.   Within 30 days of service of the notice, the debtor may file a Motion to Deem Pre-Petition Arrears Cured and a Notice of Opportunity for a Hearing pursuant to L.B.R. 202. The Notice shall provide 30 days, plus three days for mailing, for the claimant of record to respond. Debtor shall serve the Motion and Notice upon the Chapter 13 trustee, the claimant of record and the claimant's counsel.
   2.   If the claimant of record objects to the Motion to Deem Pre-Petition Arrears Current, it shall file with its objection a statement of the outstanding pre-petition arrears or any other payment to be paid through the Chapter 13 Plan, including attorneys' fees and costs with supporting documentation.
   3.   If the claimant of record does not object, the court shall enter an order that all pre-petition amounts required by the underlying agreement and applicable non-bankruptcy law in connection with the security interest have been paid in accordance with the Chapter 13 Plan and as of the date the Verified Motion to Deem Pre-Petition Arrears Cured was filed.

C.   MOTION TO DEEM LOAN CURRENT

  1.  Prior to discharge, the debtor may file a Verified Motion to Deem Loan Current and a Notice of Opportunity for Hearing pursuant to L.B.R. 202.  The Notice shall provide 30 days, plus three days for mailing, for the claimant of record to respond. Debtor shall serve the Motion and Notice upon the claimant of record, claimant's counsel, last known servicer and the trustee.
  2.  If the claimant of record or Trustee, should Trustee pay post-petition amounts pursuant to the plan, objects to the Motion to Deem Loan Current, it shall file with its objection a statement of past due amounts, including attorneys' fees and costs with supporting documentation.
  3.  If the claimant of record does not object, the court shall enter an order that all post-petition amounts required by the underlying agreement and applicable non-bankruptcy law in connection with the security interest have been paid as of the date the Verified Motion to Deem Loan Current was filed.

D.  COMPLIANCE WITH SECTION 524(i):

  1.  For purposes of establishing a cause of action under 11 U.S.C. §524(i), confirmation of the plan shall impose a duty on the holders and/or servicers of claims secured by liens on real property to:
  a.  Apply the payments received from the trustee to the prepetition arrearages, if any, and only to such arrearages unless the confirmed plan states otherwise;
  b.  To apply the post-petition mortgage payments, whether paid by the trustee or paid directly by the debtor(s) to the oldest, post-petition month due, whether such payments are immediately applied to the loan or placed into some type of suspense account;
  c.  To notify the debtor(s) of any changes in the interest rate for an adjustable rate mortgage which result in changes in the monthly payment and the effective date of the adjustment;
  d.  To notify the debtor(s) of any change that would either increase or reduce the escrow portion of the monthly mortgage payment, the resulting changes in the monthly mortgage payment and the effective date of the adjustment.
  2.  For purposes of bankruptcy accounting and Regulation X of RESPA the pre-petition arrears will be treated as current, subject to and contingent on completion of the plan, so as to preclude imposition of any default-related fees and services based solely on any pre-petition default.  This obligation will have no force or effect if the case is dismissed or converted.

E.  MOTIONS TO DETERMINE SECURED STATUS UNDER 11 U.S.C. §506 AND REQUESTS TO STRIP UNDER 11 U.S.C. §1322(b)(2). In accordance with Fed.R.Bankr.P. 3012, the debtor intends to file or has filed, by separate motion served in accordance with Fed.R.Bankr.P. 7004, a motion to determine value and secured status of second lien-holder pursuant to 11 U.S.C. § 506 & request to strip lien pursuant to 11 U.S.C. § 1322(b)(2)as to the secured creditors listed below:

| Creditor | Collateral | Date Motion Filed | Date of Order Granting Motion or Pending |
|---|---|---|---|
|   |   |   |   |

The Relief requested in the Motion  shall hereby enter as an Order of the Court as follows:
 1. The note and deed of trust in favor of the Creditor, which is secured by the Debtor's real property  is wholly unsecured pursuant to 11 U.S.C. §506; and

 2. Upon confirmation of the plan, it is hereby Ordered that the claim of the creditor shall be treated as unsecured and its lien on debtor's real property shall be void only at such time as the Chapter 13 plan is completed and a Discharge Order is entered pursuant to 11 U.S.C. 1328 in this case.  Creditor, or its servicing agent, shall be allowed to file or amend its Proof of Claim to unsecured so long as the claim is timely filed.

F.  Confirmation of this plan does not bar a party in interest from objecting to a claim which is not filed in accordance with Federal Bankruptcy Rules 3001 and 3002.

G.  All contractual provisions regarding arbitration or alternative dispute resolution are rejected in connection with the administration of this Chapter 13 case unless such provisions relate to creditors secured by deeds of trusts on real property retained by the debtor(s).

H.  The Bankruptcy Court may retain jurisdiction during the pendency of the Chapter 13 case to adjudicate charges and/or fees which the holder and/or servicer of the claims secured by the liens on real property asserts have accrued since the filing of Debtor(s) voluntary petition if the property is retained by the Debtor(s).

I.  Confirmation of the plan shall impose an affirmative duty and legal obligation on the Class 2 creditors to do the following:

 1. Notification of billing address changes for Class 1, 2,or 3 creditors wishing to notify debtors (sic) of post-petition changes of monthly payments, escrow balances, payment addresses or of delinquent post-petition payments should send correspondence directly to Debtor(s). Confirmation of this plan shall constitute consent by the Debtor(s) to receive regular monthly statements or

invoices as well as notices of changes in payment addresses from Class 1, 2, or 3 creditors. However, any such correspondence should also be carbon copied to the Debtor(s) attorney of record in this case through the duration of this plan.

## VI. REVESTMENT OF PROPERTY IN DEBTOR
All Property of the estate shall vest in the debtor at the time of confirmation of this Plan.

## VII. INSURANCE
Insurance in an amount to protect liens of creditors holding secured claims is currently in effect and will ☒ will not ☐ (check one) be obtained and kept in force throughout the period of the Plan.

☒ Applicable policies will be endorsed to provide a clause making the applicable creditor a loss payee of the policy.

## VIII. POST-CONFIRMATION MODIFICATION
The debtor shall file and serve upon all parties in interest a modified plan which will provide for allowed priority and allowed secured claims which were not filed and/or liquidated at the time of confirmation. The value of property to satisfy 11 U.S.C. § 1325(a)(4) may be increased or reduced with the modification if appropriate. The modification will be filed no later than one year after the petition date. Failure of the debtor to file the modification may be grounds for dismissal.

Dated: **March 10, 2009**

*/s/ Matthew B. Aguero*
Signature of Attorney

*/s/ Anthony Romero II*
Signature of Debtor

*/s/ Maria Romero*
Signature of Spouse (if applicable)

**Matthew B. Aguero 40405**
**Cohen & Cohen, P.C.**
**P.O. Box 621940**
**Littleton, CO  80162**

**maguero@cohenlawyers.com**

# CERTIFICATE OF NOTICE

```
District/off: 1082-1          User: trujilloe            Page 1 of 1              Date Rcvd: Mar 11, 2009
Case: 09-13729                Form ID: pdf904            Total Served: 18

The following entities were served by first class mail on Mar 13, 2009.
db/db         +Anthony Romero, II,    Maria Romero,    9800 W. Wagon Trail Dr.,    Denver, CO 80123-7606
10710623      +Americas Servicing Co,    7485 New Horizon Way,    Frederick, MD 21703-8388
10710624      +Americas Servicing Co,    ATTENTION: BANKRUPTCY,    1 Home Campus,    Des Moines, IA 50328-0001
10710629      +Encore Receivable Managment, Inc.,    400 N Rogers Rd,    P.O. Box 3330,    Olathe, KS 66063-3330
10710632       Pacific Marine Cu,    M C Exchange Complex,    Camp Pendleton, CA 92055
10710633      +United Resource Systems, Inc.,    10075 West Colfax Ave.,    Lakewood, CO 80215-3907
10710634      +Wells Fargo Bank Nv Na,    P O Box 31557,    Billings, MT 59107-1557
10710636      +Wells Fargo Ed Fin Svc,    ATTN: COLLECTION SERVICING, 1ST FLOOR, M,    1 Home Campus,
                Des Moines, IA 50328-0001
10710635      +Wells Fargo Ed Fin Svc,    301 E 58th St N,    Sioux Falls, SD 57104-0422
10710637      +Wff Cards,    3201 N 4th Ave,    Sioux Falls, SD 57104-0700
10710638      +Wff Cards,    ATTN: BANKRUPTCY DEPT,    2143 East Convention Center Way #200,
                Ontario, CA 91764-5451
10710639      +Wffinancial,    2501 Seaport Dr Ste Bh30,    Chester, PA 19013-2249

The following entities were served by electronic transmission on Mar 12, 2009.
10710626       E-mail/Text: KHAINES@BELLCO.ORG                            Bellco Credit Union,
                ATTENTION: BANKRUPTCY,    Po Box 6611,    Greenwood Village, CO 80155
10710625       E-mail/Text: KHAINES@BELLCO.ORG                            Bellco Credit Union,   Pob 6611,
                Greenwood Vill, CO 80155
10710628      +E-mail/PDF: BANKRUPTCY@CUDENVER.COM Mar 12 2009 04:19:24     Credit Union Of Denver,
                9305 W Alameda Par,    Lakewood, CO 80226-2830
10710627      +E-mail/PDF: BANKRUPTCY@CUDENVER.COM Mar 12 2009 04:19:24     Credit Union Of Denver,
                9305 W Alameda Ave,    Lakewood, CO 80226-2830
10710630      +E-mail/PDF: gecsedi@recoverycorp.com Mar 12 2009 03:00:12     Gemb/jcp,   Po Box 984100,
                El Paso, TX 79998-4100
10710631      +E-mail/PDF: gecsedi@recoverycorp.com Mar 12 2009 03:00:11     Gemb/jcp,
                 ATTENTION: BANKRUPTCY DEPARTMENT,    Po Box 103106,    Roswell, GA 30076-9106
                                                                                              TOTAL: 6

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Mar 13, 2009               Signature:   *Joseph Speetjens*